# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL L. CROUCH       )
                               )
      v.                ) CV 17-1044
                               )
NANCY A. BERRYHILL

## OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for Social Security Disability Benefits, alleging physical impairments including back conditions. The claim was denied initially, and upon hearing and supplemental hearing by an administrative law judge ("ALJ"). The Appeals Council denied Plaintiff's request for review. This appeal followed. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I.     STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.    THE PARTIES' MOTIONS

First, Plaintiff argues that the ALJ erred when she relied solely on medical evidence to determine Plaintiff's limitations, and did not afford appropriate weight to treating source Dr. Mikjaylovskiy, but afforded undue weight to other medical opinion. Relatedly, Plaintiff contends that the ALJ erred when she failed to apply SSR 16-03p.

Initially, Plaintiff complains that the ALJ looked solely to medical evidence to determine that Plaintiff's subjective complaints and alleged limitations were not fully persuasive. He suggests

that the ALJ failed to determine whether he had a medically determinable impairment that could reasonably be expected to produce his alleged symptoms. SSR 16-03p states that the ALJ does not consider whether the severity of the symptoms is supported by objective medical evidence; instead, the entire case record, including the objective medical evidence and the individual's statements, is to be considered. As a related matter, Plaintiff complains that the ALJ improperly weighed the various medical opinions of record, because she did not afford controlling weight to the treating physician's opinion and gave undue weight to agency sources.

Here, the ALJ specifically determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his symptoms. In doing so, she thoroughly examined the objective medical evidence. She also explicitly considered and recounted Plaintiff's testimony regarding his pain complaints and symptoms. It is apparent that the ALJ considered this evidence alongside the entire record, and explained all of her reasoning. The ALJ did not err by failing to follow SSR 16-03p, or in assessing Plaintiff's subjective complaints.

Plaintiff's challenge to the medical opinion testimony merits separate mention. It is clear that the ALJ is not required to accept even a treating source, and is not bound by any particular medical opinion of record. See, e.g., Hund v. Berryhill, No. 16-00231, 2017 U.S. Dist. LEXIS 90619, at *30 (E.D. Pa. May 23, 2017).

> [An ALJ] "is entitled to reject or assign less weight to medical opinions . . . based on factors . . . such as . . . [the] nature and length of the relationship, medical specialty, and consistency." An ALJ must explain his reasons for rejecting a medical opinion, which must provide a clear and satisfactory basis. "When a conflict in evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.' The ALJ must consider all the evidence and give some reason for discounting the evidence [he] rejects."

Clark v. Colvin, No. 12-1116, 2013 U.S. Dist. LEXIS 103363, at *31 (D. Del. July 24, 2013).

Here, the ALJ's approach to the medical record was adequate. She identified the weight afforded to each medical source, and provided reasons for that weight. She afforded "great weight," for example, to Plaintiff's treating neurosurgeon; "some weight" to a state agency non-examining physician; and "some weight" to the opinion of the independent medical examiner. She explained her reasoning for her treatment of each of these sources, and Plaintiff does not point to any inadequacies in those explanations. The ALJ gave "some weight" to the opinion of Dr. Mihaylovskiy, on whom Plaintiff's argument is focused. The ALJ explained why certain portions of that opinion were consistent with the record, and others were not; she also pointed to an internal inconsistency in the opinion. Plaintiff quotes language from Higgins v. Colvin, No. 15-594, 2016 U.S. Dist. LEXIS 141941 (M.D. Pa. Sept. 21, 2016), addressing the insufficiency of a non-examining state agency opinion that mischaracterizes the record or is not well-supported. Plaintiff does not suggest that the non-examining evidence suffered from such shortcomings. Under applicable standards, I reject Plaintiff's argument.

Next, Plaintiff argues that the ALJ erred in failing to consider whether he would be disabled at age fifty, as he was two months from fifty at the time that he was last insured. As Defendant points out, Plaintiff's age placed him in the category of "closely approaching advanced age," and the ALJ considered his claim accordingly. Plaintiff asserts that under such circumstances, the grids are not to be applied mechanically. It does not appear, however, that the ALJ employed a mechanical application, or that she erred in her approach.

Finally, Plaintiff argues that the total of 26,000 jobs identified by the vocation expert ("VE") do not constitute a sufficient number. Plaintiff correctly asserts that a job count numbering in the low thousands has often been found inadequate. None of the cases to which Plaintiff cites involved job numbers close to 26,000. Indeed, fewer jobs have been found

sufficient to support an ALJ's conclusion.  See Young v. Astrue, 519 F. App'x 769, 772 (3d Cir. 2013) (20,000 jobs); Webb v. Colvin, No. 14-00250, 2015 U.S. Dist. LEXIS 65851, 2015 WL 2401717, at *12 n.6 (W.D. Pa. May 20, 2015) (25,000 jobs).  I reject Plaintiff's contentions in that regard.

## CONCLUSION

In sum, the ALJ's decision is supported by substantial evidence.  Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: June 29, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DARRYL L. CROUCH             )
                                   )
      v.                   ) CV 17-1044
                                   )
NANCY A. BERRYHILL

**ORDER**

AND NOW, this 29th day of June, 2018, it is hereby ORDERED, ADJUDGED, and

DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court